**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL GUERRIERO,<br><br>Plaintiff,<br><br>v.<br><br>BUTLER COUNTY PRISON, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:25-cv-01397<br><br>District Judge Mark R. Hornak<br>Magistrate Judge Kezia O. L. Taylor<br><br>ECF No. 51 |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that County Defendants' partial motion to dismiss be GRANTED IN PART and DENIED IN PART. Specifically, it is recommended that all claims pursuant to Section 1983 against Butler County Prison be dismissed. This dismissal should be with prejudice as amendment would be futile. It is further recommended that Plaintiff's ADA claim, asserted against County Defendant Sneddon be dismissed. This dismissal should also be with prejudice because his ADA claim is preserved by virtue of naming Butler County Prison as a defendant. Finally, it is recommended that County Defendants' motion to dismiss Plaintiff's claims for punitive damages be granted insofar as punitive damages are not recoverable in an ADA claim. Plaintiff's claim for punitive damages against individual defendants, in their individual capacities, should remain.

Finally, given the liberal pleading standards for *pro se* litigants, it appears that Plaintiff is attempting to assert a *Monell* claim predicated on policies and procedures relative to the MAT program at the Butler County Prison. To that end, Plaintiff should be afforded an opportunity to identify an appropriate party against whom a *Monell* claim can be asserted. If this Report and

Recommendation is adopted, then Plaintiff should be granted 14 days to name, and if needed, serve an appropriate party.

## II. REPORT

### A. Procedural Background

Michael Guerriero ("Plaintiff") initiated this *pro se* civil rights action on September 12, 2025 with the filing of a motion to proceed *in forma pauperis*. ECF No. 1. Due to certain deficiencies, his motion was denied without prejudice, and, after he filed the necessary documentation, it was granted on October 20, 2025, and his Complaint was docketed the same day. ECF Nos. 3-6, 9. Defendants in this action can be separated into two groups: Butler County Prison[1], Warden Sneddon, and CO Reiser, hereinafter collectively referred to as County Defendants; and PrimeCare, Nurse Denino, Nurse McCabe, and Nurse Loy, hereinafter collectively referred to as Medical Defendants. County Defendants moved to dismiss Plaintiff's complaint, while Medical Defendants filed an Answer. ECF Nos. 34, 40. On April 17, 2026, Plaintiff sought leave to file an amended complaint. ECF No. 42. His motion was granted and the Amended Complaint ("AC"), which remains the operative pleading, was filed on April 21, 2026. ECF Nos. 43, 44.

On April 29, 2026, Medical Defendants filed an Answer, ECF No. 48, and on May 5,

---

[1] In his operative pleading, Plaintiff, for the first time, refers to "Butler County Board of Prisons" as a defendant. ECF No. 44 ¶ 3. Neither his original Complaint nor his motion requesting leave to file an Amended Complaint includes Butler County Board of Prisons as a party. *See* ECF Nos. 9, 42, 42-1. In fact, Plaintiff explicitly identified Butler County Prison as one of the defendants that he wanted to keep in his amended pleading. ECF No. 42 at 1. Should Plaintiff wish to add Butler County Board of Prisons, he should do so in accordance with the applicable Federal Rules of Civil Procedure.

2026, County Defendants filed a partial motion to dismiss. ECF Nos. 51.[2] Plaintiff was directed to respond to the motion by June 4, 2026. ECF No. 53. On June 16, 2026, Plaintiff filed a response. ECF No. 55. While the docket associates the filing with the partial motion to dismiss, the document's title and substantive contents make clear that it is directed to the Medical Defendants' Answer, not to the pending motion. Accordingly, the Court does not construe the filing as a response to the partial motion to dismiss. County Defendants' motion is ripe for review.

**B. <u>Factual Background</u>**

For purposes of resolving the pending motion, the Court recounts only those facts germane to its disposition. At all relevant times, Plaintiff was incarcerated at the Butler County Prison, arriving at the facility on March 23, 2023. ECF No. 44. At the time of his admission to the facility, Plaintiff was receiving 98 milligrams of methadone per day. *Id.* ¶ 11. In accordance with policies relating to the prison's Medically Assisted Treatment ("MAT") Program, Plaintiff was placed in segregated housing, where he was subject to severe restrictions, including 22 hours in-cell time; no phone calls, emails, or video visits; restricted in-person visitation; no access to general population inmates; no access to the library or self-help programs. *Id.* ¶¶ 15, 16. Plaintiff avers that County Defendant Sneddon "as Warden of the facility was responsible for establishing and implementing the policies and procedures involved with isolating MAT[s] inmates." *Id.* ¶ 15.[3] Plaintiff alleges that these conditions were so "abusive" that a staff member

[2] County Defendants do not seek dismissal of any claims asserted against CO Reiser; therefore, the designation "County Defendants" in the instant Report and Recommendation refers to Butler County Prison and Warden Sneddon, only.

[3] There are two paragraphs 15. This quotation is attributed to the second of the two paragraphs.

working the MAT program left her position. *Id.* ¶ 18. Plaintiff seeks declaratory and monetary relief, including punitive damages. *Id.* at 4.

**C. Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). Because Plaintiff is proceeding *pro se*, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering a motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Expounding on the *Twombly* and *Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Lastly, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, the Court recognizes that in a civil rights action, when dismissing a case for failure to state a claim, a court must give the plaintiff an opportunity to amend a deficient complaint, regardless of whether the plaintiff requests to do so, unless amendment would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

**D. <u>Discussion</u>**

**1. <u>Section 1983</u>**

County Defendants contend that Butler County Prison is not a proper defendant in this Section 1983 action because it is not a "person" subject to suit under the statute. ECF No. 52 at 3-4. They are correct.

"Section 1983 provides a cause of action against *state actors* who violate an individual's rights under federal law." *Filarsky v. Delia*, 566 U.S. 377, 380 (2012) (emphasis added). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

Here, Butler County Prison is not amenable to suit because it is not a "person" under 42 U.S.C. § 1983. *See Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845 (3d Cir. 2011) (prison facilities are not 'persons' for the purpose of § 1983 liability); *Pumba v. Lehigh County Jail*, 2022 WL 1017600, at *5 (E.D. Pa. Apr. 5, 2022) ("A county correctional facility . . . is not a 'person' under section 1983"); *Jones v. Erie County Prison*, 21-cv-00315-RAL, 2022 WL 3236939, at *1 (W.D. Pa. July 11, 2022) (noting that "a prison or correctional facility . . . is not a

'person' that is subject to suit under federal civil rights laws") (internal quotations and quoting source omitted).[4]

Accordingly, Plaintiff cannot maintain a claim pursuant to Section 1983 against the Butler County Prison, and it is respectfully recommended that any such claim be dismissed with prejudice.

**2. Americans with Disabilities Act**

Plaintiff asserts that County Defendants violated his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.*, ("ADA"), by subjecting him to harsh conditions while in the MAT program. ECF No. 44 ¶¶ 12-19, 40. County Defendants submit that Plaintiff's ADA claim asserted against Warden Sneddon fails as a matter of law because an individual cannot be held liable under the ADA. ECF No. 52 at 4-5.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statute defines a public entity as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. The warden of Butler County Prison,

[4] "Municipalities and other local governing bodies qualify as persons subject to suit under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), but a county jail or county department of corrections does not, because it is merely an administrative arm of the county rather than a separate legal entity capable of suing or being sued in its own name. *Christian Capacchione v. Camden County Dep't of Corr.*, 2026 WL 2150715, at *3 (D.N.J. July 27, 2026) (internal citations omitted).

being sued in his individual capacity, ECF No. ¶ 4, is not a "public entity" such that Plaintiff cannot maintain a plausible ADA claim against him.[5]

To the extent Plaintiff asserts an ADA claim against County Defendant Sneddon in his official capacity, "[t]he law is well-settled that where, as here, the appropriate governmental unit is identified as a defendant, official-capacity suits should be dismissed as redundant. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)." *Perciavalle v. City of Aliquippa*, No. 2:20-CV-474, 2021 WL 269792, at *5 (W.D. Pa. Jan. 27, 2021) (Stickman, D.J.). *See Funk v. Pennsylvania Dep't of Corr.*, No. CV 3:25-34, 2026 WL 885486, at *6 (W.D. Pa. Mar. 9, 2026) (Kelly, M.J.), *report and recommendation adopted*, No. 3:25-CV-34, 2026 WL 883570 (W.D. Pa. Mar. 31, 2026) (Haines, D.J.) (where an appropriate public entity is named as a party, ADA claim asserted against an individual is duplicative and warrants dismissal).

Since Plaintiff has named the proper party for an ADA claim – Butler County Prison – as a defendant, any claims against County Defendant Sneddon in his official capacity under the ADA would be duplicative. Accordingly, it is respectfully recommended that Plaintiff's ADA claim against County Defendant Sneddon be dismissed with prejudice.

Although County Defendants do not address whether Plaintiff asserts an ADA claim against Butler County Prison, the undersigned concludes that the Amended Complaint may reasonably be construed to assert such a claim, warranting discussion.

---

[5] Although the Third Circuit has not issued a precedential opinion addressing whether Title II of the ADA permits individual liability, "it has cited with approval 'decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA.' *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002). *See, e.g.*, *Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) ('[Plaintiff's] claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability.')." *Rosario v. Wetzel*, No. 2:23-CV-966, 2025 WL 755516, at *8 (W.D. Pa. Mar. 10, 2025) (Dodge, M.J.), *aff'd*, 2025 WL 2452464 (3d Cir. Aug. 26, 2025).

It is undisputed that county jails and prisons fall within the definition of a "public entity," and that inmates may bring ADA claims against county jails and prisons. *Gallagher v. Allegheny Cnty.*, 2011 WL 284128, *6 (W.D. Pa. Jan. 25, 2011) ("Title II of the ADA applies to state and county prisons") (citing *Yeskey v. Pennsylvania Dept. of Corr.*, 118 F.3d 168, 172 (3d Cir. 1997)). "[T]o state a claim under Title II of the ADA, plaintiffs must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023) (citing *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018)).

"Drug addiction qualifies as a disability under the ADA, *see* 42 U.S.C. § 12102; 28 C.F.R. § 35.108(b)(2)[.]" *Rokita v. Klinefelter*, 2025 WL 3172767, at *3 (3d Cir. Nov. 13, 2025). Plaintiff is, therefore, a qualified individual with a disability based on his drug addiction, for which he was enrolled in the MAT program. Next, accepting his allegations as true, as the Court must at this juncture, Plaintiff has sufficiently pled that he was excluded from participation in services, programs, or activities. Specifically, Plaintiff avers that he, along with other inmates participating in the MAT program, was subjected to the following restrictive conditions while in the MAT program:

> (a) Segregated in restricted housing for 22 hours per day. Only permitted to leave cells between 4:00 a.m., and 6:00 a.m.;
> (b) Were not permitted to use the telephone,
> (c) Subject to restricted visits;
> (d) Were not permitted to use email or video visits;
> (e) Were not permitted to have tablets in cell;
> (f) No access to television;
> (g) No access to library;
> (h) No access to general population inmates;
> (i) No access to education o[r] self-help programs.

ECF No. 44 ¶ 16. He avers that these restrictions were intended to encourage participants to drop out of the MAT program. *Id.* ¶ 17. Finally, Plaintiff plausibly alleges that, absent his disability and the resulting placement in the MAT program under harsh conditions, he would not have been subjected to the foregoing restrictions.[6]

Accordingly, it is respectfully recommended that Plaintiff's ADA claim, asserted against Butler County Prison, be permitted to proceed to discovery.

**3. <u>Punitive Damages</u>**

County Defendants seek dismissal of Plaintiff's request for punitive damages, arguing, *inter alia*, that such damages are unavailable in an ADA claim. ECF No. 52 at 5,6. They are correct. Punitive damages are not an available remedy under Title II of the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002) (holding that punitive damages may not be awarded in suits brought under Title II of the ADA or Section 504 of the RA).

County Defendants also submit that "punitive damages are not available as a matter of law against government entities in a Section 1983 case." ECF No. 52 at 5. Similarly, they also provide that "punitive damages cannot be recovered from governmental actors in their official capacities." *Id.* The only governmental entity currently named as a defendant in this action is Butler County Prison, which, as discussed *infra*, is recommended for dismissal with respect to

---

[6] The undersigned recognizes that injunctive relief is likely unavailable to Plaintiff since he is no longer incarcerated at the Butler County Prison, *see Robinson v. Cameron*, 814 F. App'x 724, 725 (3d Cir. 2020) (dismissing appeal as moot where suit sought only injunctive relief and inmate was no longer in custody); *Griffin v. Beard*, 401 F. App'x 715, 716 (3d Cir. 2010) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." (quoting *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003)). Nevertheless, he may be entitled to compensatory damages if the discrimination he experienced was intentional. *See Durham v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023) (when seeking compensatory damages, a plaintiff must show intentional discrimination pursuant to a deliberate indifference standard). County Defendants will be able to address this at summary judgment.

Plaintiff's § 1983 claims. As currently pled, there are no individuals being sued in their official capacities. *See* ECF No. 44 ¶¶ 3-9. As such, to the extent County Defendants are seeking dismissal of Plaintiff's request for punitive damages, it is recommended that, other than for the ADA claim where punitive damages are unavailable, their request be denied.

## III. <u>CONCLUSION</u>

For the above stated reasons, it is respectfully recommended that County Defendants' partial motion to dismiss be GRANTED IN PART and DENIED IN PART. Specifically, it is recommended that all claims pursuant to Section 1983 against Butler County Prison be dismissed. This dismissal should be with prejudice as amendment would be futile. It is recommended that Plaintiff's ADA claim, asserted against County Defendant Sneddon be dismissed. This dismissal should also be with prejudice because his ADA claim is preserved by virtue of naming Butler County Prison as a defendant. It is also recommended that County Defendants' motion to dismiss Plaintiff's claims for punitive damages be granted insofar as punitive damages are not recoverable in an ADA claim. Their motion to dismiss punitive damages against individual defendants, in their individual capacities, should remain.

Finally, given the liberal pleading standards for *pro se* litigants, it appears that Plaintiff is attempting to assert a *Monell* claim predicated on policies and procedures relative to the MAT program at the Butler County Prison. To that end, Plaintiff should be afforded an opportunity to identify an appropriate party against whom a *Monell* claim can be asserted. If this Report and Recommendation is adopted, then Plaintiff should be granted 14 days to name an appropriate party.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date

of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: October 9, 2026

BY THE COURT

/s/ Kezia O. L. Taylor ________
KEZIA O. L. TAYLOR
United States Magistrate Judge

MICHAEL GUERRIERO
QQ1192
SCI FAYETTE
50 Overlook Drives
LaBelle, PA 15450